# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0749V
**Filed: March 18, 2019**
UNPUBLISHED

|  |  |
|---|---|
| ANN E. KLEVA,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Daniel Henry Pfeifer*, Pfeifer, Morgan & Stesiak, South Bend, IN, for petitioner.
*Lisa Ann Watts*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On June 6, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), a Table Injury, due to an influenza ("flu") vaccine administered on September 28, 2011. Petition at 1. On June 15, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 29.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 14, 2019, petitioner filed a motion for attorneys' fees and costs.  ECF No. 33.  Petitioner requests attorneys' fees in the amount of $9,699.00 and attorneys' costs in the amount of $706.37.  *Id.* at 1.  Petitioner also request attorney fees and costs for prior counsel, Gillis Law Office, in the total amount of $747.41.  *Id.* at 1.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 34.  Thus, the total amount requested is $11,152.78.

On January 28, 2019, respondent filed a response to petitioner's motion.  ECF No. 35.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**I.      Legal Standard**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## II. Attorney Costs

### A. Pfeifer, Morgan & Stesiak

Like attorney's fees, a request for reimbursement of attorney's costs must be reasonable. *Perreita v. Sec'y of Health & Humans Servs.,* 27 Fed.Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $11,676.88 in attorney's costs. These costs are associated with medical records, filing fees and postage. Proper documentation supporting these requests was filed and the undersigned finds the majority of costs to be reasonable with one exception.

The undersigned finds that the requested costs of $61.81 for "AdvoTrac Case Expense Funding Service" finance charge to be unreasonable.[3] These costs consist of finance and origination charges in the amount of $61.81 associated with a loan advance from AdvoTrac, which markets itself as "case expense funding service." ECF No. 33-2 at 2. However interest on a loan taken out by Pfeifer, Morgan & Stesiak is not reimbursed in Vaccine Program cases. *See Jeffries v. Sec'y of Health & Human Servs.,* petitioner sought attorneys' costs for a. *Jeffries v. Sec'y of Health & Human Servs.,* No. 99-0670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (citing *Library of Congress v. Shaw,* 478 U.S. 310, 317 (1986) (finding that finance charges on an outstanding bill incurred by petitioner amounted to interest which, in the absence of a waiver of sovereign immunity, cannot be assessed against the United States.). The undersigned notes that a foreseeable costs of taking out a loan is the accrual of interest and origination fees. These costs are not compensable by the Vaccine Program. This results in a reduction of attorneys' costs in the amount of **$61.81.**

### B. Gillis Law Office

Petitioner requests compensation for attorney fees and costs for Gillis Law Office in the total amount of $747.41 for services associated with an expert report. ECF No. 33-3. In the undersigned's experience the overall amount is reasonable and is awarded in full.

## IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[3] This amount consists of $57.07 in "Total Finance Charges" and $4.74 in "Total Origination Fees." ECF No. 33-2 at 2.

**Accordingly, the undersigned awards the total of $11,090.97[4] as follows:**

- **A lump sum of $10,343.56, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Daniel H. Pfeifer; and**

- **A lump sum of $747.41, representing reimbursement for petitioner's fees and costs, in the form of a check payable jointly to petitioner and the Gillis Law Firm.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.